```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

JOEL PEOPLES AND WIFE,
TINA PEOPLES                                           PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:05CV571-WHB-AGN

CLARK'S MOBILE HOMES, INC.,
CAPPAERT MANUFACTURED HOUSING, INC.,
AND ABC                                                DEFENDANTS

## OPINION AND ORDER

This cause is before the Court on Plaintiffs' Motion to Remand. Having considered the Motion, Response, and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion to Remand is well taken and should be granted.

### I. Factual Background and Procedural History

This cause of action arises out of the sale of an allegedly defective mobile home to Plaintiffs Joel and Tina Peoples. The mobile home was manufactured by Defendant Cappaert Manufactured Housing, Inc. (hereinafter "Cappaert") and sold to Plaintiffs by Defendant Clark's Mobile Homes, Inc. (hereinafter "Clark's"). The subject Complaint was filed in the Circuit Court of Smith County, Mississippi on August 11, 2005. The claims in the Complaint are breach of expressed and implied warranties, and infliction of

emotional distress.  Plaintiffs seek compensatory and punitive damages totaling $74,500.00.

Defendants removed the case to this Court on September 16, 2005, on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  The subject Motion to Remand was filed on October 28, 2005.  The Motion to Remand is now ripe for consideration.

## II.  Analysis

Despite the fact that Plaintiffs invoke no federal law in their Complaint, Defendants contend that federal question jurisdiction may be found in this case based on "49 U.S.C. § 14706, Carmack Amendment to the Interstate Commerce Act (hereinafter "Carmack Amendment"), and 42 U.S.C. § 5401, *et seq.*, National Manufactured Housing Construction and Safety Act." Notice of Removal, unnumbered p. 3, ¶ 4.  Defendants' argument is based on the principle of complete preemption.  The National Manufactured Housing Construction and Safety Act does not completely preempt state law causes of action.  Therefore, the issue herewith is whether removal was proper under federal question jurisdiction because Plaintiffs' claims are completely preempted by the Carmack Amendment.

In Hoskins v. Bekins Van Lines, 343 F.3d 769, 778 (5th Cir. 2003), the United States Court of Appeals for the Fifth Circuit held that "Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising*

*from the interstate transportation of those goods by a common carrier*." (Emphasis in original; citation omitted). That is, state law claims falling under the purview of the Carmack Amendment are completely preempted. Id. "The Carmack Amendment allows a shipper to recover damages from a carrier for 'actual *loss or injury to the property' resulting from the transportation of cargo in interstate commerce*." Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc., 414 F.3d 546, 549 (5th Cir. 2005)(citing 49 U.S.C. § 14706(a)(1))(emphasis added).

Defendants' preemption argument fails for two reasons. First, both the Defendant manufacturer, Cappaert, and the Defendant seller, Clark's, are Mississippi corporations. This fact is undisputed and Defendants have offered no proof of interstate commerce, which is a required element for a claim under the Carmack Amendment. Also, a plain reading of the Complaint does not lead the Court to conclude that the alleged damages in question resulted from the transportation process. These findings require the Court to hold that Plaintiffs' claims are not preempted by federal law, and that the case must therefore be remanded to state court.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (docket entry no. 7) is hereby granted. The Clerk of the Court is

ordered to remand this case to the Circuit Court of Smith County, Mississippi.

    SO ORDERED this the 14th day of February, 2006.

                                                s/ William H. Barbour, Jr.
                                                UNITED STATES DISTRICT JUDGE

tct